IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Cr. No. 00-0444 SOM |
| ) | |
| Plaintiff, ) | MEMORANDUM OF LAW |
| ) | |
| vs. ) | |
| ) | |
| PULEMAU FAITAU, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## **MEMORANDUM OF LAW**

This Court may modify a defendant's term of imprisonment once it has been imposed when the United States Sentencing Commission makes an amendment to the Guidelines retroactive and the guideline that was amended was part of the basis of the defendant's guideline range:

> The court may not modify a term of imprisonment once it has been imposed except that —
>    . . . .
>    (2)   in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Amendment 706 went into effect on November 1, 2007. See U.S.S.C., Appendix C., Amdt. 706. This amendment alters the drug quantity table set forth in U.S.S.G. § 2D1.1, lowering the base offense level for offenses involving "cocaine base" (crack cocaine) by two levels. See id. On December 7, 2007, the Sentencing Commission approved making Amendment 706 retroactive by listing it in U.S.S.G. § 1B1.10(c)'s list of retroactive amendments. The amendment to U.S.S.G. § 1B1.10(c), making Amendment 706 retroactive, went into effect on March 3, 2008. U.S.S.G. § 1B1.10 (Supp. Mar. 3, 2008). Because Amendment 706 has been made retroactive and the defendant's sentence was based on a pre-Amendment 706 drug quantity table, 18 U.S.C. § 3582(c) allows this Court to review and reduce, as warranted by the factors set forth in 18 U.S.C. § 3553(a), the defendant's sentence. See 18 U.S.C. § 3582(c).

In this case, on January 8, 2001, Mr. Faitua pled guilty to Counts 1 and 3 of the Indictment without a plea agreement (Count 2 referred to a different individual). Both counts alleged that Mr. Faitua possessed with the intent to distribute "5 grams or more of cocaine base." Due to Mr. Faitua's criminal record, the government filed a Special Information pursuant to 21 U.S.C. § 851 increasing the applicable statutory mandatory minimum sentence from five to ten years. [PSR at paragraphs ##5 and 71].

Mr. Faitua's Sentencing Guidelines base offense level was determined to be 34, pursuant to U.S.S.G. § 2D1.1(c)(3), as he was attributed with possessing with the intent to distribute a total of 224.854 grams of cocaine base. [PSR at paragraph #25]. Mr. Faitua received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 31. [PSR at paragraphs ##32-33]. Mr. Faitua's criminal history was determined to be category VI. This resulted in a sentencing guideline range of 188-235 months.

However, due to Mr. Faitua's criminal record, he was determined to be a career offender pursuant to U.S.S.G. 4B1.1, and his offense level was increased from 34 to 37. There was no effect on his criminal history category. With the three-level reduction for acceptance of responsibility, Mr. Faitua's final offense level was 34. [PSR at paragraph #34]. This resulted in a sentencing guideline range of 262-327 months. [PSR at paragraph #72].

Prior to sentencing, the government moved for a six-level downward departure pursuant to both U.S.S.G. 5K1.1 and 18 U.S.C. § 3553(e). [See Exhibit "A" - Government's Motion for Downward Departure]. As stated by the government, that recommendation was specifically made, in part, "in view of the Defendant's cooperation *and overall circumstances.*" [Id. at p. 2]. The government recommended an imprisonment range of 140-175 months. [Id. at p. 3].

At the sentencing hearing, the Court granted the government's motion for a downward departure, and lowered Mr. Faitua's offense level by six to level 28. This resulted in a new guideline range of 140-175 months. [Sentencing Hearing Transcript 7/11/01 at p. 19; Attached as Exhibit "B"].[1] Ultimately, the Court sentenced Mr. Faitau to the low-end of the range: 140 months incarceration.

Of note, however, and of relevance to this motion, was the argument made by AUSA Hino in determining what sentence Mr. Faitau should receive. Mr. Faitau had asked for the lowest possible sentence. In response, AUSA Hino argued for a mid-range sentence, stating:

> In this particular case at paragraph 24 the probation office is holding the defendant accountable through both the offense conduct and relevant conduct for 224 grams of cocaine base. That's just an extraordinary amount. If you think of all of the cases that come before the court, I mean we see a lot of powder cocaine, we see a lot of ice. But in this case we have more than 200 grams of cocaine base. That would be right off the scale in terms of drug quantity levels.

[Sentencing Hearing Tr. 7/11/01 at pp. 23-24].

As the Court is fully aware, the Sentencing Commission has lowered

---

[1] Mr. Faitau filed his own downward departure motion based upon a number of factors related to the severe nature of his incarceration, as well as upon the fact that while sleeping in prison, he had had his throat slashed. The Court denied this motion but did take some of the factors listed in the motion into account in determining where, within the guideline range, he should be sentenced.

the offense level for cocaine base defendant's by two. In Mr. Faitau's case, without the career offender application being applied, that would have resulted in a total offense level of 29 (34 - 2 (new amendment) - 3 (acceptance of responsibility). Since Mr. Faitua's criminal history category was not affected by the career offender enhancement, he would have remained in category VI, resulting in a Sentencing Guideline range of 151-188 months, rather than the range of 188-235 months as determined by the PSR (again, prior to the application of the career offender enhancement).

Although Mr. Faitua's guideline range was subsequently enhanced under the career offender guideline found in Chapter Four of the Sentencing Guidelines, his guideline range was then reduced six levels pursuant to the government's cooperation motion pursuant to Chapter 5 of the Sentencing Guidelines and under the statutory authority of 18 U.S.C. § 3553(e). In essence, Mr. Faitau was not sentenced as a career offender and his final offense level was determined by the Court, at the recommendation of the government, to be much lower than what would otherwise apply under the career offender guideline.

At the time the Court granted the government's motion for a six-level reduction, *and* at the time the government itself decided that a six-level reduction was appropriate, Mr. Faitau's un-enhanced Sentencing Guideline range was 188-235 months. Now, his un-enhanced Sentencing Guideline range is 151-188.

Given AUSA Hino's written statement that the six-level reduction was based upon "the Defendant's cooperation and overall circumstances," as well as AUSA Hino's comments at the sentencing hearing itself, including his statement that "the application of the career offender guideline here didn't really do too much for the defendant (referring to there being no change in his criminal history category), Mr. Faitua submits that the amount of cocaine base he was attributed with and the resulting un-enhanced guideline range was *a* factor in the sentence that was recommended by the government in determining that a six-level reduction was appropriate and in the sentence ultimately imposed by the Court of 140 months.

      Accordingly, Mr. Faitua asks this Court to use its discretion in imposing a lower sentence at this time, now that the Court can take into account the difference between the un-enhanced guidelines that applied during his original sentencing hearing versus the lowered un-enhanced sentence guideline range that exists today.  In fashioning a new sentence, the Court is permitted to take into account his post-sentence, prison conduct.  Mr. Faitau has requested a copy of his "Institutional Conduct and Progress Report,." but that document has not been received to date.  Upon receipt, a supplemental filing will be made.  However, Mr. Faitua has submitted, collectively as Exhibit "C," certificates showing that he has been actively involved in many educational and drug treatment programs offered by the Bureau of Prisons in the seven years he has already been

incarcerated. These certificates include having successfully completed three drug treatment programs, four film studies classes, an accelerated life skills class, two "wellness" classes, electric and woodworking courses, and acting as an instructor in a "55 and Over" class. Also attached as part of Exhibit "C" is an "inmate education data sheet" showing the educational classes taken by Mr. Faitau and the number of hours for each class. Mr. Faitau asks that the Court consider his post-sentence, prison conduct record in using the Court's discretion in fashioning a new sentence based upon the new cocaine base/crack cocaine amendment.

       This Court can now also take into account that Mr. Faitau's prior drug convictions which originally qualified him as a career offender all involved small quantities of drugs: 5.947grams; 22.772 grams; .372 grams; 14.7792 grams; .342 grams; .23 grams; and 5.678 grams. At the time of Mr. Faitua's original sentencing hearing, the Court considered the Sentencing Guidelines as mandatory and the career offender guidelines as not subject to a departure absent a cooperation motion. That law has since changed and the Court can now, at its discretion, take the nature of Mr. Faitua's prior qualifying crimes into account in determining an appropriate sentence under 18 U.S.C. § 3553(a).

DATED: Honolulu, Hawaii, June 4, 2008.

                                    /s/ Alexander Silvert
                                    ALEXANDER SILVERT
                                    Attorney for Defendant
                                    PULEMAU FAITAU